UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M.A.B., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:17-cv-02229-NCC |
| MICHELLE MASON, GREGORY JOHNSTON, and CITY OF MARYLAND HEIGHTS, MISSOURI, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Joint Motion for More Definite Statement and Dismissal (Doc. 8). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 7). For the following reasons, Defendants' Motion is **GRANTED, in part**.

### I. Background

On July 5, 2017, Plaintiff M.A.B. filed this action pursuant to 42 U.S.C. § 1983 and Missouri state law against Defendants in St. Louis County Circuit Court (Doc. 2). On August 9, 2017, Defendants the City of Maryland Heights, Missouri ("Maryland Heights"), Michele Mason ("Mason"), and Gregory Johnston ("Johnston") removed the case to the United States District Court for the Eastern District of Missouri (Doc. 1). Mason, a Maryland Heights police officer, and Johnston, also a Maryland Heights police officer, (collectively the "Officer Defendants") are sued in their individual capacities only. Plaintiff makes claims against the Officer Defendants pursuant to section 1983 for violations of Plaintiff's Substantive Due Process (Counts I, III) and

for an Unreasonable Search (Counts II, IV), as well as violations of Missouri's Strip Search Law, Missouri Revised Statute § 544.195 (Counts VI, VII). Plaintiff also raises a section 1983 failure to train claim against Defendant Maryland Heights (Doc. 2).

The facts relevant to the current Motion, viewed in the light most favorable to Plaintiff, are as follows. On April 26, 2016, at approximately 10:22 a.m. Plaintiff, a 32-year old female, was driving in her own vehicle southbound along North Lindberg Boulevard north of Adie Road in the City of Maryland Heights, Missouri (*Id.* at ¶¶10-11). Defendant Officer Johnston pulled over Plaintiff after his LIDAR (Light Detection and Ranging) unit indicated that Plaintiff's speed was 55 mph, a speed in excess of the posted limit of 40 mph (*Id.* at ¶¶15-27).

Several months prior to the traffic stop, Plaintiff loaned her vehicle to her cousin, Patricia Ann Scaife ("Scaife") (*Id.* at ¶28). Unbeknownst to Plaintiff, during the loan period, Scaife received a traffic ticket in the City of Kirkwood, Missouri (*Id.* at ¶¶29, 32). Scaife did not appear in court for the ticket and a warrant was issued for her arrest (*Id.* at ¶30). In connection with the warrant issued for Scaife's arrest, Plaintiff's license plate was tagged (*Id.* at ¶33).

Upon Defendant Officer Johnston's request, Plaintiff provided him with her driver's license and indicated that her insurance was in electronic format on the GEICO app on her smartphone (*Id.* at ¶¶38-41). Defendant Officer Johnston then asked Plaintiff to get out of the car and asked if Plaintiff knew why he was asking her to get out of the car (*Id.* at ¶¶42-43). Plaintiff said she did not know and Defendant Officer Johnston said, "You are acting nervous" (*Id.* at ¶¶44-45). Defendant Officer Johnston asked for, and Plaintiff consented to, a search of her car (*Id.* at ¶¶56). Defendant Officer Johnston searched the vehicle and did not find any weapons or contraband (*Id.* at ¶57).

At some point during the traffic stop, Defendant Officer Johnston called on his radio for Defendant Officer Mason, the only female officer on duty, to come to the scene to search Plaintiff (*Id.* at ¶¶58, 59). After arriving on the scene, Defendant Officer Mason conducted a pat down search of Plaintiff (*Id.* at ¶63). Defendant Officer Mason then conducted a body cavity search on Plaintiff (*Id.* at ¶¶64-77). Plaintiff did not consent to the body cavity search (*Id.* at ¶78). Defendant Officer Johnston issued a ticket to Plaintiff for speeding (*Id.* at ¶¶99-108). The municipal prosecutor for Maryland Heights amended the charge to correct an error on the ticket and, subsequently, entered a *nolle prosequi* on the citation (*Id.* at ¶¶103-104, 110). Plaintiff further alleges, citing to the deposition of Defendant Officer Johnston,[1] that Maryland Heights does not have a policy or train officers on permissible searches or, more specifically, how to address a situation when a license plate on a vehicle is tagged for a warrant but the individual then currently driving the vehicle is not the person with the warrant (*Id.* at ¶¶112-115, ¶¶ 151-158).

Of note, Plaintiff makes argument and cites to various sources of law in footnotes throughout her Petition. Defendants now move for a more definite statement and dismissal of Plaintiff's Petition (Doc. 8).

## II. Discussion

In their Motion, Defendants request that the Court dismiss Plaintiff's Petition for failure to comply with Federal Rule 8(a)(2) or, in the alternative, Defendants request a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (Doc. 8 at 1). Specifically,

---

[1] While the Petition does not indicate the context of this deposition, Plaintiff notes that the deposition occurred as a part of the underlying municipal prosecution for speeding (*See* Doc. 10 at 3).

Defendants assert that many of the allegations in Plaintiff's Petition are conclusory generalizations and irrelevant assertions such that Plaintiff has failed to apprise the Defendants of the particular claims against them (*Id.* at 2). Defendants also move to strike the twenty-seven footnotes contained in Plaintiff's Petition, correctly noting that one such footnote cites to the deposition transcript not before this Court (Doc. 9 at 3). Defendants further move to dismiss Plaintiff's claims against Maryland Heights pursuant of Federal Rule of Civil Procedure 12(b)(6) (Doc. 8 at 1).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). However, when a "'pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite [statement] under Rule 12(e) before responding.'" *Whitehead v. City of St. Louis*, No. 4:09CV483 CDP, 2009 WL 4430699, at *1 (E.D. Mo. Nov. 24, 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

In the instant case, the Court finds that while dismissal is not warranted, it will direct Plaintiff to file an Amended Complaint. On review of the entire Petition, the Court finds judicial efficiency would best be served by allowing Plaintiff to remedy any potential non-compliance with the Federal Rules of Civil Procedure. Indeed, Plaintiff concedes that her Petition was not

filed in federal court and therefore did not have to comply with the federal rules (*See* Doc. 10). Also, although Plaintiff responds to Defendants' Motion that her Petition meets federal pleading standards, she seeks, in the alternative, leave to amend her pleading (Doc. 14 at 3). Contrary to Defendants assertion, the Court notes that such "omnibus fact section[s]" are common in federal court especially, as is the case here, where a timeline or narrative is relevant to the underlying claims. However, in filing her Amended Complaint, Plaintiff is reminded that footnotes such as the ones in the current Petition are disfavored in federal court. *Klopfenstein v. P&C Creative Investments, LLC*, No. 1:07CV47 CDP, 2007 WL 2507779, at *2 (E.D. Mo. Aug. 30, 2007). Further, any citation or reference to evidence not a part of this Court's record should not be included. *Cf.* Fed. R. Civ. P. 10(c) (allowing for the attachment of a written instrument). In light the Court's decision to allow Plaintiff file an Amended Complaint, Defendants remaining requests regarding dismissal whether purportedly pursuant to Federal Rule of Civil Procedure 15(e), failure to comply with Federal Rule of Civil Procedure 8, or pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim are denied without prejudice as moot.

Finally, Defendants request their costs and attorney's fees in bringing this motion (Doc. 8 at 3). Defendants offer no support for their request and the Court cannot discern any. Defendants removed the current Petition from state court and the Petition's failure to comply with the federal rules is not unforeseeable. Further there is no indication on the record that Plaintiff acted in bad faith. An award of attorney's fees is unwarranted under these circumstances.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion for More Definite Statement and Dismissal (Doc. 8) is **GRANTED, in part**. Plaintiff shall file an Amended Complaint in accordance with this Order within fourteen (14) days.

Dated this 27th day of October, 2017.

                                                 /s/ Noelle C. Collins
                                                 NOELLE C. COLLINS
                                                 UNITED STATES MAGISTRATE JUDGE